IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE DEMPSEY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:05-CV-1363 |
| v. : | |
| : | (JUDGE CAPUTO) |
| HORACE REED, ET AL., : | |
| : | |
| Defendants. : | |

## MEMORANDUM ORDER

This is an action where jurisdiction is based on diversity of citizenship. It involves an automobile accident which occurred on July 8, 2003 in which the Plaintiff suffered injuries as a result of a collision with a car owned by Defendant, Justin Klinesmith, and driven by Defendant, Horace Reed.

On July 27, 2006, an Order was entered granting a default with respect to Defendant, Justin Klinesmith, and denying default with respect to Defendant, Horace Reed, as it appeared that service was not in accordance with Fed.R.Civ.P. 4(e). Later, on August 3, 2006, upon reconsideration, default was entered against Defendant, Horace Reed. Thereafter, a motion for default judgment was filed and a hearing was scheduled on that motion and for a determination of damages on September 27, 2006. At that hearing, neither Defendant appeared, and the Plaintiff's motion for a continuance was granted. Notice was thereafter sent to both Defendants.

On October 20, 2006, an Order issued scheduling a hearing on Plaintiff's Motion for a Determination of Damages Hearing and for Entry of a Final Order as

to Non-Appearing Defendants Horace Reed and Justin Klinesmith for December 20, 2006.  On December 20, 2006, the hearing was held, and I took testimony with respect to the amount of damages suffered by the Plaintiff.  Despite being served, neither Defendant appeared at the hearing.

## DISCUSSION

At the hearing, Plaintiff testified as to the events that took place on July 8, 2003, and she likewise testified concerning the injuries that she suffered and the continuing effect of those injuries.  She also testified as to her educational performance and her desire to become an FBI Agent or a Drug Enforcement Agent. Thomas Dempsey, the Plaintiff's father, testified that he was the owner of the van that was involved in the accident and that it was not repairable.  Both the Plaintiff and Mr. Dempsey testified that Mr. Reed said "I didn't see you there".  The testimony was that Mr. Reed went through a stop sign and collided with the Plaintiff, who had the right-of-way.

On the basis of the hearing that was held on December 20, 2006, I make the following Findings of Fact and Conclusions of Law:

1. On July 8, 2003, Plaintiff was driving a vehicle registered to her father, Thomas Dempsey.

2. Plaintiff was operating the vehicle with the consent of its owner, Thomas Dempsey.

3. The vehicle Plaintiff was driving was struck by the vehicle driven by Defendant, Horace Reed, that he was operating with the consent of its owner, Defendant, Justin Klinesmith.

4. The Plaintiff's vehicle was struck because the Defendant, Horace Reed, went through a stop sign without stopping.

5. Defendant, Horace Reed, was negligent in the operation of a motor vehicle owned by Defendant, Justin Klinesmith, in that he failed to adhere to a stop sign and entered into an intersection where the Plaintiff had the right-of-way and struck the vehicle driven by Plaintiff.

6. Defendant Horace Reed's negligent conduct was a substantial factor in bringing the accident about.  It was the legal cause of the accident.

7. Plaintiff was injured as a result of the accident and these injuries have resulted in Plaintiff experiencing significant pain and limitation of her activities. Moreover, the injuries suffered by Plaintiff could, without appropriate rehabilitation, impact on her future earning capacity and her ability to pursue a career in law enforcement.

8. The automobile the Plaintiff was operating was damaged beyond repair.

9. I find that in accordance with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1705d(1)(ii), Plaintiff is considered full tort, as Defendant, Horace Reed, was operating a motor vehicle registered in the state of Georgia.

10. As a result of the injuries suffered by the Plaintiff, I find that she has past medical care for which there is a reasonable expense of $3,800.00 for which Defendants, Reed and Klinesmith, are liable to Plaintiff.

11. As a result of the injuries suffered by Plaintiff, I find that she will continue to require medical care as outlined by Stuart Hartman, D.O., in his report and will have future medical expenses of $15,000.00 for which Defendants, Reed and

Klinesmith, are liable.

12. I find that as a result of Plaintiff's injuries, she has suffered a reduction of her future earning capacity as discussed in the report of John S. Risser, MA, ABVE, CRC, and I further award Plaintiff the sum of $268,320.00 in future economic losses for which Defendants, Reed and Klinesmith, are liable.

13. As a result of the injuries suffered by the Plaintiff, I find that she suffered significant pain and limitation in her activities and her pastimes for which Defendants, Reed and Klinesmith, are liable to the Plaintiff for damages in the amount of $100,000.00.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Judgment be entered in favor of the Plaintiff and against the Defendants, Horace Reed and Justin Klinesmith, jointly and severally, in the amount of $387,120.00, plus costs of suit.


Dated: February 28, 2007         /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge